UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-10079-CIV-ALTMAN

**KENNETH JAMES GRIFFITH**,

    *Plaintiff*,

v.

**RICHARD A. RAMSAY, SHERIFF OF MONROE COUNTY**, *et al.*,

    *Defendants*.

_____/

## ORDER

Our Plaintiff, Kenneth James Griffith, is incarcerated at the Monroe County Detention Center in Key West, Florida. He's filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Richard Ramsay, the Sheriff of Monroe County, and various other jail officials, broadly alleging that he's being denied adequate access to legal materials and that he's being retaliated against for earlier legal actions against the Defendants. *See* Complaint [ECF No. 1] at 3. Hoping to avoid paying this Court's filing fee, Griffith has also filed a motion to proceed *in forma pauperis* ("IFP"). *See* IFP Motion [ECF No. 3]; *see also* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."). Normally, this would be an acceptable alternative, but Griffith has already filed at least five other unviable lawsuits while he's been imprisoned in Monroe County. Pursuant to the Prison Litigation Reform Act's ("PLRA") "three-strikes" rule, then, we **DISMISS** this case *without prejudice*.

### THE LAW

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions

of 28 U.S.C. § 1915(g)—also known as the "three strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files the lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

As Griffith concedes, this is not the first time he's sued Monroe County prison officials in federal court; in fact, he's filed three other similar lawsuits in this District. *See* Complaint at 10–11 (referencing Case Nos. 20-10052-CIV and 21-10032-CIV); *id.* at 14 (referencing Case No. 22-10016-CIV). Griffith sells himself short, though, because a review of our records confirms that he's filed at least two *additional* lawsuits he hasn't mentioned in his Complaint (Case Nos. 20-10095-CIV and 21-10029-CIV). Here's how all five of those cases turned out:

1. *Griffith v. Ramsay*, No. 20-10052-CIV (S.D. Fla. Jan. 25, 2021) (Moore, J.), ECF No. 39 at 9–10 ("[I]t is hereby ORDERED AND ADJUDGED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.").

2. *Griffith v. Silvers*, No. 20-10095-CIV (S.D. Fla. Jan. 27, 2021) (King, J.), ECF No. 21 at 1 (adopting Magistrate Judge Lurana S. Snow's Report and Recommendation that "Plaintiff's Complaint [be dismissed] for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e) and as frivolous").

3. *Griffith v. Lockwood*, No. 21-10029-CIV (S.D. Fla. Mar. 15, 2021) (Martinez, J.), ECF No. 4 at 2 ("Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 1915A." (cleaned up)).

4. *Griffith v. Gibson*, No. 21-10032-CIV (S.D. Fla. July 21, 2021) (King, J.), ECF No. 11 at 1–2 (adopting Magistrate Judge Jacqueline Becerra's finding that "the [c]omplaint is frivolous and fails to state a claim on which relief may be granted" and dismissing the complaint with prejudice), *appeal dismissed*, No. 21-12764 (11th Cir. June 8, 2022) ("Accordingly, this Court now finds that the appeal is frivolous . . . and dismisses the appeal.").

5. *Griffith v. Sonnenklar*, No. 22-10016-CIV (S.D. Fla. July 13, 2022) (Martinez, J.), ECF No. 5 at 2 ("Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 1915A." (cleaned up)).

In other words, Griffith has filed at least five *other* lawsuits while he's been incarcerated at the Monroe County Detention Center, and all five have been dismissed for failure to state a claim. Unfortunately for Griffith, the law in this area is clear: If a plaintiff files at least "three prior lawsuits," and if all three of those lawsuits "were dismissed for failure to state a claim," then that plaintiff has "three strikes" and is "barred from proceeding IFP[.]" *Mitchell v. Nobles*, 873 F.3d 869, 873–74 (11th Cir. 2017) (citing 28 U.S.C. § 1915(g)); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A

dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."). Griffith, of course, has "five strikes"; he's thus a "three-striker" under § 1915(g).

Because Griffith is subject to the three-strikes rule—and since he's failed to pay the filing fee—his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began."); *Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)). Of course, this dismissal is *without* prejudice, which is to say that Griffith will be permitted to refile his Complaint *so long as* he pays the entire filing fee upfront. *See Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

One last thing: If Griffith *could* show that he meets § 1915(g)'s "imminent danger" exception, we wouldn't dismiss his case. *See* 28 U.S.C. § 1915(g) (allowing the district court to dismiss a three-striker's complaint "unless the prisoner is under imminent danger of serious physical injury"). To do this, however, Griffith would have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But Griffith never even tries to meet this exception. *See generally* Complaint; *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

\*\*\*

We therefore **ORDER and ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). *See White*, 947 F.3d at 1377 ("[A] prisoner with three

4

strikes under Section 1915(g) is no different than any other non-IFP prisoner. A three-strike prisoner thus faces the fate that any non-IFP prisoner faces when the prisoner fails to pay the filing fee up front: dismissal without prejudice."). The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida, this 14th day of September 2022.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Kenneth James Griffith, *pro se*